**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------
WHAT DO YOU MEME, LLC

Plaintiff,

Civil Action No.: 26-cv-9037

JURY TRIAL DEMANDED

IDEASTAGE PROMOTIONS LLC

Defendant.
------------------------------------------------------------

# COMPLAINT

The Plaintiff, What Do You Meme, LLC (hereinafter, "Plaintiff") by and for its complaint against Defendant, IdeaStage Promotions LLC ("Defendant") alleges as follows:

## INTRODUCTION

1. This is an action for Copyright Infringement, 17 U.S.C. § 101, et seq.; Trademark Infringement pursuant to the Lanham Act §32(1), 15 U.S.C. §1114; for False Designation of Origin and Unfair Competition arising under the Lanham Act §43(a), 15 U.S.C. §1125; and for common law trademark infringement under the laws of the State of New York.

## PARTIES

2. Plaintiff What Do You Meme, LLC is a Delaware limited liability company, located at 625 Broadway, 8th Floor, New York, New York 10012.

3. Defendant IdeaStage Promotions LLC is an Arizona domestic limited liability company with a principal place of business located at 21020 North 8th Way, Suite 1, Phoenix, Arizona 85024.

## JURISDICTION AND VENUE

4. This Court has original jurisdiction pursuant to 28 U.S.C. §§1331 and 1338 as it involves claims presenting federal questions under 15 U.S.C. §1121(a) and 15 U.S.C. §§1114, and §1125. This Court also has supplemental jurisdiction over the asserted state common law claims pursuant to 28 U.S.C. §1367(a), because such claims are so related to those claims under which the Court has jurisdiction that they form part of the same case and controversy under Article III of the United States Constitution.

5. This Court has personal jurisdiction over Defendant because Defendant regularly transacts, does, and solicits business in this judicial district, including by offering to sell, or causing to be offered for sale, and/or selling products and/or services in this district, including the infringing products at issue in this lawsuit, and/or because Defendant has committed tortious acts within this jurisdiction and has caused injury to Plaintiff in this district as alleged further herein.

6. Venue is proper in this District pursuant to 28 USC §1391(b) because a substantial part of the events giving rise to the claims in this action occurred in this District and Plaintiff resides in this District.

## FACTUAL BACKGROUND

### The Parties

7. Founded in 2016 in New York City, Plaintiff is an entertainment consumer product company driven by the digital age and inspired by pop culture. Plaintiff's business focuses on products that customers can relate to — things that make people feel good, get them to hang out together, and just have a good time.

8. Plaintiff has a portfolio that features over 400 unique products, including a wide array of adult party games as well as family-friendly games, kids' games, outdoor games, plush toys, and more.

9. Defendant is an Arizona domestic limited liability company that provides promotional products.

**<u>Plaintiff's EMOTIONAL SUPPORT Trademarks and Copyrights</u>**

10. One of Plaintiff's most successful products is its EMOTIONAL SUPPORT and EMOTIONAL SUPPORT PALS line of plush products, which include products sold under Plaintiff's EMOTIONAL SUPPORT trademarks.

11. Upon their release, Plaintiff's EMOTIONAL SUPPORT products reached immediate success and quickly reached millions of dollars in sales.

12. Through significant investment in marketing its EMOTIONAL SUPPORT brand of plush toys, including spending millions of dollars in marketing and advertising, Plaintiff has obtained wide public recognition and goodwill for these brands.

13. Some of Plaintiff's popular EMOTIONAL SUPPORT branded products are depicted below:



14. Plaintiff's online and social media marketing efforts for its EMOTIONAL SUPPORT brand has reached an incredibly broad audience with hundreds of millions of consumer impressions creating secondary meaning that identifies Plaintiff as the source of these products.

15. In addition to its extensive common law rights, Plaintiff is also the owner of US Registration Nos. 7,497,419 for the mark EMOTIONAL SUPPORT, 7,566,639 for the mark EMOTIONAL SUPPORT PALS, and 6,902,855 for the mark EMOTIONAL SUPPORT FRIES, all for stuffed and plush toys in Class 28. Copies of Plaintiff's Registration Certificates are attached as Exhibit A.

16. Plaintiff's registrations are prima facie evidence of: (a) the validity of the registered mark; (b) the validity of the registration of the mark; (c) Plaintiff's ownership of the mark; (d) Plaintiff's exclusive right to use the registered mark; and (e) that the mark is not a generic name.

17. Plaintiff is the copyright owner of several images depicting its EMOTIONAL SUPPORT products ("Copyrighted Works").

18. The Copyrighted Works are wholly original, and Plaintiff is the exclusive owner of all right, title, and interest, including all rights under copyright, in the Copyrighted Works.

19. Plaintiff is the owner of more than 25 valid and subsisting United States Copyright Registrations for its EMOTIONAL SUPPORT products and images, including Registration Nos. VA 2-382-936, VA 2-420-342, VA 2-446-456, VAu 1-554-750, VA 2-470-469, and VA 2-488-874 for the Copyrighted Works, issued by the United States Copyright Office, with an Effective Date of Registration of January 3, 2024, August 30, 2024, January 9, 2025, February 12, 2025, October 24, 2025, and December 11, 2025, respectively. Attached as Exhibit B is a true and correct copy of the registration certificates for the Copyrighted Works.

**<u>Defendant's Infringing Activities</u>**

20. Defendant is the seller of a variety of Emotional Support plush toy sets (the "Infringing Products") sold in bulk on www.ideastage.com and using the trademark EMOTIONAL SUPPORT.

21. Plaintiff's use and rights in its EMOTIONAL SUPPORT registered trademarks predate any trademark rights that Defendant can claim in these marks.

22. Defendant's use of EMOTIONAL SUPPORT to promote and sell its own plush toy products is without the approval or authorization of Plaintiff.

23. Defendant's conduct and use of the EMOTIONAL SUPPORT trademark is likely to cause and, upon information and belief, has caused consumers to believe mistakenly that the Infringing Products are either affiliated with, endorsed or authorized by, or somehow connected to Plaintiff.

24. Copies of the Infringing Products as they appear on Defendant's website are depicted below:






25. Defendant's use of EMOTIONAL SUPPORT, which is identical to Plaintiff's Federally Registered trademark, is in connection with goods that are identical to the goods for which Plaintiff has registered this trademark and constitutes trademark infringement under 15 U.S.C. §1114.

26. The Infringing Products also infringe Plaintiff's copyright protected works

27. Copies of the Infringing Products, shown next to Plaintiff's Copyrighted Works, are depicted below:

| **Plaintiff's Registered Image** | **Copyright Reg No.** | **Defendant's Infringing Image** |
|---|---|---|
|   | VA 2-382-936 |   |
|  | VA 2-382-936 |  |

| | | |
|---|---|---|
|  | VA 2-382-936 |  |
|  | VA 2-470-469 |  |
|  | VA 2-470-469 |  |
|  | VA 2-470-469 |  |
|  | VA 2-470-469 |  |
|  | VA 2-470-469 |  |

| | | |
|---|---|---|
|  | VA 2-470-469 |  |

28. On information and belief, Defendant obtained physical possession of or otherwise viewed Plaintiff's goods and images, which contain the EMOTIONAL SUPPORT trademarks and copyright protected works, prior to creating the Infringing Products.

29. The Infringing Products are offered for sale and sold throughout the United States, including into this judicial district, through Defendant’s website.

30. That Defendant copied the Copyrighted Works when it created the Infringing Products is evidenced by the striking similarities between the Copyrighted Works and the Infringing Products, which cannot possibly be explained other than as a result of copying and Defendant’s access to the Copyrighted Works as a result of the widespread dissemination of the Copyrighted Works in the United States and the numerous and substantial similarities between the parties' works.

31. The fact that the Infringing Products are sold and marketed using the Infringing Trademark, which are confusingly similar to the EMOTIONAL SUPPORT Trademark, is further evidence that Defendant was aware of Plaintiff and the Copyrighted Works prior to creating, marketing, and/or selling the Infringing Products.

32. Defendant copied the Copyrighted Works bearing the Infringing Trademarks without Plaintiff’s authorization, consent, or knowledge, and without any remuneration to Plaintiff.

33. Defendant did not seek or pay for a license to use the Copyrighted Works or the EMOTIONAL SUPPORT trademark.

34. As a result of Defendant's actions described above, Plaintiff has been directly damaged, and is continuing to be damaged, by the unauthorized sale, distribution, and public display of the Infringing Products.

35. Defendant's acts are causing, and unless restrained, will continue to cause, damage and immediate irreparable harm to Plaintiff for which Plaintiff has no adequate remedy at law.

36. Defendant's conduct is willful, intentional, and represents a conscious disregard for Plaintiff's rights in the EMOTIONAL SUPPORT trademark and the Copyrighted Works.

37. Defendant's continued infringing activity is willful.

## COUNT I
## FEDERAL COPYRIGHT INFRINGEMENT
## 17 U.S.C. § 501

39. Plaintiff restates and re-avers each and every allegation contained in the foregoing paragraphs, and the acts of Defendant asserted therein, as if fully recited in this paragraph.

40. The Copyrighted Works are original works of visual art containing copyrightable subject matter for which copyright protection exists under the Copyright Act, 17 U.S.C. § 101, et. Seq.

41. Plaintiff is the exclusive owner of rights under the U.S. copyright laws in and to the Copyrighted Works.

42. Plaintiff owns valid copyright registrations for the Copyrighted Works, attached as Exhibit B.

43. Through Defendant's conduct alleged herein, including Defendant's reproduction, distribution and public display of the Infringing Works, which is copied from, derivative of, and/or substantially similar to Plaintiff's Copyrighted Works, without Plaintiff's permission, Defendant has directly infringed Plaintiff's exclusive rights in the Copyrighted Work in violation of Section 501 of the Copyright Act, 17 U.S.C. § 501.

44. On information and belief, Defendant's infringing conduct alleged herein was and continues to be willful and with full knowledge of Plaintiff's rights in the Copyrighted Works, and has enabled Defendant illegally to obtain profit therefrom.

45. As a direct and proximate result of Defendant's infringing conduct alleged herein, Plaintiff has been harmed and is entitled to damages in an amount to be proven at trial. Pursuant to 17 U.S.C. § 504(b), Plaintiff is also entitled to recovery of Defendant's profits attributable to Defendant's infringing conduct alleged herein, including from any and all sales deriving from the Infringing Works and products incorporating or embodying the Infringing Work, and an accounting of such profits.

46. Alternatively, Plaintiff is entitled to the maximum statutory damages pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 for each of the no less than six Copyrighted Works that were infringed by Defendant and for such other amount as may be proper pursuant to 17 U.S.C. § 504(c).

47. Plaintiff further is entitled to its attorneys' fees and costs pursuant to 17 U.S.C. § 505.

48. As a direct and proximate result of the Defendant's infringing conduct alleged herein, Plaintiff has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law.

49. On information and belief, unless Defendant's infringing conduct is enjoined by this Court, Defendant will continue to infringe the Copyrighted Works. Plaintiff therefore is entitled to permanent injunctive relief restraining and enjoining Defendant's ongoing infringing conduct.

## COUNT II
## TRADEMARK INFRINGEMENT
## 15 U.S.C. § 1114(1)(a)

50. Plaintiff restates and re-avers each and every allegation contained in the foregoing paragraphs of this Complaint and the acts of Defendant asserted therein as if fully recited in this paragraph.

51. This claim is for trademark infringement against the Defendant for its advertising and offering for sale stuffed and/or plush toy products under the EMOTIONAL SUPPORT trademark.

52. Without the consent or authorization of Plaintiff, Defendant has advertised, offered for sale, and sold the Infringing Products, which bear marks identical to Plaintiff's EMOTIONAL SUPPORT trademark, in a manner such that consumers will believe such products are genuine EMOTIONAL SUPPORT branded products sold by Plaintiff.

53. The goods at issue are identical, as the Infringing Products are stuffed and plush toy products, the same products for which Plaintiff has obtained registrations for its EMOTIONAL SUPPORT trademark.

54. The Infringing Products are offered and sold through channels of trade similar if not identical to those through which Plaintiff's products are offered.

55. Plaintiff's and Defendant's goods are marketed to the same customers and category of customers.

56. The Infringing Products are advertised and promoted through identical or highly related channels to those employed by the Plaintiff.

57. Defendant's acts create and further the likelihood that the public will be confused as to sponsorship, source, origin, affiliation, or association of the goods of Defendant.

58. Defendant is willfully infringing Plaintiff's EMOTIONAL SUPPORT trademark.

59. Defendant is using the EMOTIONAL SUPPORT trademark without Plaintiff's consent or authorization, in a way which damages Plaintiff and is likely to cause confusion, mistake, and deception as to the source or origin of the good and services offered by Defendant, giving the impression that the goods offered by Defendant are authorized or offered by, or affiliated with Plaintiff, when in fact they are not.

60. Defendant's actions constitute infringement of Plaintiff's EMOTIONAL SUPPORT trademark in violation of Plaintiff's rights under § 32 of the Lanham Act, 15 U.S.C. § 1114.

61. Plaintiff has been and continues to be damaged as a result of Defendant's activities.

## COUNT III
## NEW YORK COMMON LAW TRADEMARK INFRINGEMENT

62. Plaintiff restates and re-avers each and every allegation contained in the foregoing paragraphs and the acts of Defendant asserted therein, as if fully recited in this paragraph.

63. This count is for common law trademark infringement of Plaintiff's trademark rights in Plaintiff's EMOTIONAL SUPPORT trademark, under the laws of the State of New York.

64. Through Plaintiff's use, promotional efforts, and resulting sales success, Plaintiff's EMOTIONAL SUPPORT trademark has acquired considerable distinctiveness, with relevant segments of the public having come to associate the EMOTIONAL SUPPORT trademark with Plaintiff and Plaintiff's goods sold in connection with those marks.

65. Plaintiff has extensively used its EMOTIONAL SUPPORT trademark in commerce and has acquired a considerable and valuable goodwill in those marks. Plaintiff's use in commerce of the EMOTIONAL SUPPORT trademark began prior to any date on which Defendant could rightfully claim any rights in those marks.

66. Defendant's adoption of marks identical to Plaintiff's trademark contributes to the likelihood that consumers will attribute goods offered under the EMOTIONAL SUPPORT trademark or terms as emanating from the Plaintiff.

67. Defendant's use of marks identical to Plaintiff's trademark, for goods identical to those offered by Plaintiff, as alleged above, is highly damaging to the Plaintiff and its marks.

68. Defendant's use of marks in conjunction with identical goods as the Plaintiff in the same or similar channels of trade without the Plaintiff's consent or authorization, irreparably damages the Plaintiff and is likely to cause confusion, mistake and deception as to the source or origin of the services and/or products sold and offered for sale by Defendant.

69. Defendant's infringement is willful.

70. Defendant's actions as aforesaid damage and threaten to further damage the value of the Plaintiff's EMOTIONAL SUPPORT trademark and the goodwill associated with the same.

## COUNT IV
## FALSE DESIGNATION OF ORIGIN 15 U.S.C. § 1125

71. Plaintiff restates and re-avers each and every allegation contained in the foregoing paragraphs and the acts of Defendant asserted therein as if fully recited in this paragraph.

72. This count arises under 15 U.S.C. §1125(a).

73. Defendant has used the EMOTIONAL SUPPORT trademark in a manner which is likely to cause confusion, mistake, or deception with Plaintiff's registered marks by virtue of Defendant's prominent use thereof in connection with identical goods to those sold by Plaintiff.

74. Consumers will believe that the Infringing Products are associated with, sponsored, and/or endorsed by the Plaintiff, when in fact they are not.

75. Defendant's use of the EMOTIONAL SUPPORT trademark erodes the public's understanding of Plaintiff being the single source for goods offered under such marks. The Plaintiff's reputation has thus been and will continue to be subject to the perils and hazards which arise from Defendant's tortious activities, resulting in grave irreparable harm to Plaintiff and the consuming public.

76. Plaintiff has no control over the acts of Defendant, nor any responsibility for the acts of Defendant.

77. Defendant's acts create and further the likelihood that the public will be confused as to sponsorship, source, affiliation or association of the products of Defendant.

78. Defendant's use and/or association the EMOTIONAL SUPPORT trademark constitutes a false designation of origin, as consumers are likely to associate Plaintiff's marks with Defendant.

79. Defendant's acts under this Count are willful.

80. Plaintiff has been and continues to be damaged as a result of Defendant's activities.

## COUNT V
## UNFAIR COMPETITION
## 15 U.S.C. § 1125

81. Plaintiff restates and re-avers each and every allegation contained in the foregoing paragraphs and the acts of Defendant asserted therein as if fully recited in this paragraph.

82. This count is for Unfair Competition in violation of 15 USC §1125(a).

83. Defendant's use of the EMOTIONAL SUPPORT trademark without Plaintiff's consent is likely to cause confusion among consumers.

84. Defendant's use of the EMOTIONAL SUPPORT trademark unfairly capitalizes on the goodwill Plaintiff has built in these marks through significant cost and effort.

85. By using terms that are identical to Plaintiff's EMOTIONAL SUPPORT trademark, Defendant is unfairly competing with Plaintiff by conducting business on the goodwill built by Plaintiff.

86. Plaintiff is harmed by Defendant's activities.

87. Defendant's acts under this Count are willful.

88. Defendant's acts constitute unfair competition.

89. Plaintiff has been and continues to be damaged as a result of Defendant's activities.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rules of Civil Procedure 38, Plaintiff hereby demands a trial by a Jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays:

1. THAT pursuant to 15 USC §1116 and the equity jurisdiction of this Court, Defendant and its officers, agents, employees, representatives, and all persons in privity therewith be permanently enjoined and restrained from using on or in connection with the importation, sale, offering for sale, distribution, exhibition, display, or advertising of its goods under Plaintiff's EMOTIONAL SUPPORT trademark, or any other trademark in combination with other words or symbols, or any other marks or symbols that are confusingly or deceptively similar to, or colorably imitative of Plaintiff's EMOTIONAL SUPPORT trademark.

2. THAT pursuant to 15 U.S.C. §1117, Defendant be directed to pay over to Plaintiff all of Defendant's profits, and any and all damages sustained by Plaintiff, plus the costs of the action, including Plaintiff's attorneys' fees and disbursements incurred.

3. THAT the conduct of Defendant complained of herein be declared willful and as a result the amounts of actual damages be trebled as provided for in 15 U.S.C. §1117(b).

4. THAT the Court, on all claims for relief, grant an award of compensatory, consequential, statutory, and punitive damages to Plaintiff in an amount to be determined at trial.

5. THAT Defendant and its officers, agents, employees, or representatives, and all persons in privity with Defendant not destroy but deliver up to this Court, pursuant to 15 U.S.C. §1118, all: molds, letterheads, advertising materials, computer programs in any language or format (including HTML, Java or other formats for use in internet web pages), labels, packages, containers, name plates, and any other printed or electronic matter of any nature, and any products in their possession bearing or using the EMOTIONAL SUPPORT trademark, or any other trademark either alone or in combination with other words or symbols, or any colorable imitation of these marks, for the purposes of destruction thereof.

6. THAT pursuant to 15 U.S.C. §1117, Defendant be directed to provide Plaintiff an accounting of all profits that they have obtained by consequence of Defendant's statutory and Common Law Trademark Infringement, Unfair Competition, and False Designation of Origin as enumerated herein.

7. THAT Defendant be required to file with this Court and serve on Plaintiff a report in writing and under oath setting forth in detail the manner and form in which the Defendant has complied with the terms of the permanent injunction.

8. THAT judgment be entered against defendant granting an injunction permanently enjoining the Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all of those in active concert and participation with any of the foregoing persons and entities who receive actual notice of the Court's order by personal service or otherwise, from manufacturing, distributing, marketing, advertising, promoting, displaying, or selling or authorizing any third party to manufacture, distribute, market, advertise, promote, display, or sell the Infringing Products or aiding, assisting, or abetting any other individual or entity in doing the same.

9. THAT Defendant be ordered to provide an accounting of Defendant's profits attributable to Defendant's infringing conduct, including Defendant's profits from sales of the Infringing Products and any services, products, works, or other materials that include, copy, are derived from, or otherwise embody the EMOTIONAL SUPPORT trademark.

10. THAT Defendant, at its own expense, be ordered to recall the Infringing Products from any distributors, retailers, vendors, or others that have distributed the Infringing Products on Defendant's behalf, and any advertisements, products, works or other materials that include, copy, are derived from, or otherwise embody the Infringing Products, and that Defendant be ordered to destroy or deliver up for destruction all materials returned to it.

11. FOR a judgment awarding Plaintiff interest, including pre-judgment and post- judgment interest, on the foregoing sums.

12. THAT Plaintiff be granted such other and further relief as this court deems just and equitable.

Respectfully Submitted,

By: _s/ Jeffrey A. Lindenbaum__________

Jeffrey A. Lindenbaum (JL-1971)
Jess M. Collen (JC-2875)
James R. Hastings
Practus, LLP
100 South Bedford Road, Suite 328
Mount Kisco, New York 10549
Tel. (914) 941-5668
Jeffrey.lindenbaum@practus.com
WCDocket@practus.com
*Attorneys for Plaintiff*

October 14, 2026